IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONGZHEN XUAN, | ) |
| | ) |
| Plaintiff, | ) No. 25-cv-14607 |
| | ) |
| v. | ) Judge Andrea R. Wood |
| | ) |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| Defendants. | ) |

***SEALED* TEMPORARY RESTRAINING ORDER**

Plaintiff Rongzhen Xuan ("Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Expedited Discovery (the "Motion") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online MarketPlaces.

1

States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "Plaintiff Marks") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Plaintiff Marks. *See* Exhibit 2 of Declaration of Owner (Docket No. 13), which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff Marks A list of the Plaintiff Marks is included in the below chart.

| REGISTRATION NUMBER | REGISTERED TRADEMARK | INTERNATIONAL CLASSES |
|---|---|---|
| No. 6,976,793 | JTQJTQ | CLASS 28: Elbow guards for athletic use; Elbow pads for athletic use; Knee pads for athletic use; Leg guards for athletic use |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Owner in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them be temporarily enjoined and restrained from:

    a. using the Plaintiff Marks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff Marks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Marks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Marks, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4

5. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff Marks.

7. Any Third-Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Owner, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

8. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with copies of the documents as well as a link to the aforementioned website to the e-mail addresses identified in Exhibit 2 to the Declaration of Owner and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "**AnQingMiaoKaiBaiHuoYouXianGongSi** and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that

Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

10. Plaintiff's Exhibit 1 to the Complaint (Docket No. 2), Exhibit 2 Schedule A to the Complaint (Docket No. 3), Exhibit 3 to the Complaint (Docket No. 4), Declaration of Owner (Docket No. 12), Exhibit of Declaration of Owner (Docket No. 13), and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court $10,000, by cash, law firm check, or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered at 9:00 A.M. on this 2nd day of February 2026 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by February 11, 2026.

_____
Andrea R. Wood
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONGZHEN XUAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-14607 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

# Schedule A

### Defendant Online Marketplaces

| No. | Seller ID | Name / Seller Alias | ASIN |
|---|---|---|---|
| 1 | https://www.amazon.com/sp?ie=UTF8&seller=A3QMKOULTSTY8B | AnQingMiaoKaiBaiHuoYouXianGongSi | B0DZN7QJ19 |
| 2 | https://www.amazon.com/sp?ie=UTF8&seller=A67UEEM8867X1 | ChefNest RV Supply | B0CMV27XVX |
| 3 | https://www.amazon.com/sp?ie=UTF8&seller=AFOC7QL3WAWYK | GGTJ Natural Life | B0DJVSTBBH |
| 4 | https://www.amazon.com/sp?ie=UTF8&seller=AKGEQD2DRGD47 | guangzhouyaoliang | B0FJ23BT9L |
| 5 | https://www.amazon.com/sp?ie=UTF8&seller=A1MI3ATQLQUSZ4 | jiaxingchengyaomaoyiyouxiangongsi | B0D3F17N4P |
| 6 | https://www.amazon.com/sp?ie=UTF8&seller=ACVSXM61UTC8R | JUKUHJK | B0DGCYY26G |
| 7 | https://www.amazon.com/sp?ie=UTF8&seller=A2AGAV2K1AKX26 | Kelive-7-14 days to arrive ✦ ✦ ✦ | B0F1MP7KF6 |
| 8 | https://www.amazon.com/sp?ie=UTF8&seller=A3CWYBLPHDAC85 | liguoliangtangguowu | B0FBFWN6YC |
| 9 | https://www.amazon.com/sp?ie=UTF8&seller=A2ZOR4HS3O36NC | LUXHEALTH No.1 Healthy | B0DQ4X4SRL |
| 10 | https://www.amazon.com/sp?ie=UTF8&seller=A2DGNJA3PVL4DW | PWURIWU Art | B0FHK41FV9 |

| | | | |
|---|---|---|---|
| 11 | https://www.amazon.com/sp?ie=UTF8&seller=A1P2EWW7YAL6Q | QUAN OU | B0DP2H3Y41 |
| 12 | https://www.amazon.com/sp?ie=UTF8&seller=ACD3ZGCK59BKG | W·J Shop | B0DHRS7SHF |
| 13 | https://www.amazon.com/sp?ie=UTF8&seller=A1EUBQ2NBOWD0P | WuHuShiYiJiangQuFengDe | B0DWNHQVV7 |
| 14 | https://www.amazon.com/sp?ie=UTF8&seller=A3LP18J0CE3BE8 | xiancengyaoshangmaodian | B0FFT3WXR4 |
| 15 | https://www.amazon.com/sp?ie=UTF8&seller=A2SO5IUQGZZ4JH | YXMTH | B0F42RJLSS |